Jose Angel Cerna GONZALEZ;
et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–70601.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2008.*

Filed July 23, 2008.

Jose Angel Cerna Gonzalez, pro se.

Cynthia Cerna, pro se.

* The panel unanimously finds this case suitable
for decision without oral argument.  *See* Fed.
R.App. P. 34(a)(2).

Patrick James Glen, James A. Hunolt, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") January 28, 2008 order denying petitioners' motion to reopen as time and number barred.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

■ An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' second motion to reopen was filed beyond the 90–day deadline, the BIA did not abuse its discretion in denying petitioners' motion to reopen as time and number barred. *See id.*

■ In addition, the BIA did not abuse its discretion in finding that petitioners did not demonstrate a material change in country conditions such as would except the motion from the time and number

requirements of the regulations. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Our review of the record reflects that petitioners failed to argue or to establish that the conditions cited in their motion have resulted from a material change in country conditions since their prior removal proceedings. *See id.*

■ To the extent that petitioners seek review of the BIA's denial of the motion to reopen *sua sponte,* this court lacks jurisdiction to review that determination. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

■ Furthermore, this court lacks jurisdiction to review petitioners' claim, raised for the first time in their response to this court's order to show cause, that the Immigration Judge showed bias against petitioners and therefore violated their rights to due process and a fair hearing, because petitioners failed to raise these allegations before the BIA, and accordingly did not exhaust their administrative remedies. *See Sanchez–Cruz v. I.N.S.,* 255 F.3d 775, 780 (9th Cir.2001).

Accordingly, respondent's motion for summary disposition is construed as one to dismiss in part and for summary disposition in part. So construed, the motion is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.